# IN THE UNITED STATES DISTRICT COURT

Willie Poyner
_____

Plaintiff/Petitioner(s),

-vs-

Counselor Reed's

Defendant/Respondent(s).

Docket No. 2:13-cv-28939
(To be supplied by the Clerk)

☐ CIVIL RIGHTS COMPLAINT pursuant to 42 U.S.C. §1983 (State Prisoner)

☐ CIVIL RIGHTS COMPLAINT pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☐ CIVIL COMPLAINT pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680

## I. JURISDICTION

A. Plaintiff's mailing address and/or register number and present place of confinement.
Willie S Poyner   57719-083
Lompoc USP, 3901 Klein Blvd, Lompoc, CA 93436

B. Defendant **Reed** is employed as
(Name of First Defendant)
**Counselor**
(Position/Title)
with **BOP FCI Gilmer P.O.Box 6000**
(Employer's Name and Address)
Glenville West Virgina 23651

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?   Yes (X)   No ( )

If your answer is "yes", briefly explain:
He was a counselor in C-4 unit At Gilmer W.Va

Rev. 2/97

C. Defendant _____ is employed as
(Name of Second Defendant)

_____
(Position/Title)

with _____
(Employer's Name and Address)

_____

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes ( )    No ( )

If your answer is "yes", briefly explain:

_____
_____
_____

D. Using the outline of the form provided, include the above information for any additional defendant(s).

_____
_____
_____
_____
_____
_____
_____
_____

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?

Yes ( )    No (X)

B. If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) **Failure to comply with this provision may result in summary denial of your complaint.**

_____
_____
_____
_____
_____

Rev. 2/97

- 2 -

1. Parties to previous lawsuits:
   Plaintiff(s) _____

   Defendant(s) _____

2. Court (if Federal Court, name the District; if State Court, name the County) _____

3. Docket number _____

4. Name of Judge to whom case was assigned _____

5. Type of case (for example: Was it a Habeas Corpus or Civil Rights action?) _____

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

7. Approximate date of filing lawsuit _____

8. Approximate date of disposition _____

III. GRIEVANCE PROCEDURE

   A. Is there a prisoner grievance procedure in the institution? __**Yes**__

   B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes (x) No ( )

   C. If your answer is "yes",
      1. What steps did you take? __**I File 8,9,10 and 11 Remedys and Tort claim**__

      2. What was the result? __**All Remedy's was Denied**__

   D. If your answer is "no", explain why not. _____

E. If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities?   Yes ( )   No ( )

F. If your answer is "yes",
   1. What steps did you take? _____
   _____
   _____

   2. What was the result? _____
   _____
   _____

G. If your answer is "no", explain why not. _____
   _____
   _____
   _____

H. Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not:
   _____
   _____
   _____

## IV.  STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case. State who, what, when, where and how you feel your constitutional rights were violated. Do not cite cases or statutes. If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, <u>attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.</u>

<u>Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.</u> Additionally, attach any relevant, supporting documentation.

There was an altercation between another inmate and myself on Sept 25, 2012. In result of this altercation I was placed in Special Housing. On Oct 24 my Counselor came and spoke with me. It was at this time I ask him to obtain some legal work for me. He stated "I'm not doing no running around looking for no one". I then ask him for a Tort claim, and what was my status. He loudly said to me was I hot? On Nov 2 after I wrote him up he came back with some wrong infomation I had ask him for and stated to me. I know what you are you doing. I have turned myself into SIS. He also said that when this this was over that he was going to retaliate by giving me an serious incident report. After I refused to go back on the compound due to threats. Soon after I was provided with a new counselor name Mr. Connelly. On Oct 31 Lt. Hancock issued me an incident report. This was a reprecussion for utilizing and

excising my rights. This also effected how the rest of the staff in the SHU treated me. They started to abuse their Authority. There was some discrepencies with my inital incident report. When this was recognized that when Mr. Connelly decided to take it upon himself to rewrite and issue me a revised copy without going through the proper channels by getting a signature from the Lt, which is required. Then Mr. Connelly took it upon himself to put me on telephone and commisary restriction. This was done after DHO refuse to process the incident report because of many decrepencies surrounding it.
~~My other issue surrounding this incident report is. When I got transferred to another institution my property came up~~ missing. It is required that prior to my transferr from Shu I am suppose to be able to see my property and sign a property form; which never occured. Sotherefore, this is another example of retaliation on behalf of Mr. Reid and Gilmore staff. In my possession I have every reciept for the items that was misplaced.

Rev. 2/97

- 5 -

## V. REQUEST FOR RELIEF

State exactly what you want the Court to do for you. If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

Comes now, Willie Poyner (Petitioner), in this civil complaint pursuant to the Federal Tort claims Act codified in Title 28 United States Code (U.S.C) section 1346. As the loss of property and damages occured in an Federal Bureau of Prison (BOP) facility and Government employees were responsible for the loss and damages, this court has jurisdiction to service petitionesrs complaint.

Petitioner moves the court after exhausting all Administrative Remedy Procedures, for relief, in the form of reinbursement of the monetary value Petitioners' lost property as well as punitive damages for BOP employees' violation of standards of employee conduct.

### DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the court issue all appropriate service and/or notices to the defendant(s).

Signed this _1_ day of _November_, 19_2013_.

_Willie Poyner 57719-083_
Signature of Plaintiff

_____
Signature of attorney, if any

1. Request for Relief) cont...

The mishandling of Petitioners' Administrative Rememdy filings cause extreme emotional distress as a result of BOP employees' threats and intimidation tactics during Petitioners' pursuit of the Administrative Remedy process to relieve the burden of Petitioners' loss.

Petitioner asks the court award monetary damages for loss of property in the approximate amount of $125.00 and be awarded and additional 12,500 for punitive damages, pain, suffering and emotional distress suffered by Petitioner while in pursuit of resolution by way fo Administrative Remedy. BOP employees' violation of the standard of employee conduct directily compromised my safety and security at the facility.

Petitioner asserts that, had appropriate action been taken to resolve Petitioners' issue this action may have been averted. Petitioner also asks this Honorable Court to order the Respondents to respond within 72 hours, which is within the time of Federal Truth-in-Lending, to Petitioners complaint.

Respectfully submitted,

Willie Poyner